OSCAR STOEHR v. MOERLEIN BREW. CO.

1. NO DOWER OR HOMESTEAD AS AGAINST MORTGAGE, WHEN.

There can be no dower interest or homestead exemption as against a mortgage which the claimants to dower and homestead have joined in executing.

2. PRIORITY AS BETWEEN DOWER AND HOMESTEAD.

In the application of the amount of a dower interest and a homestead exemption to the satisfaction of a mortgage in which the husband and

Stoehr v. Brewing Co.

wife joined, resort should first be had to the amount of the homestead where the wife, claiming dower, joined in the mortgage simply as surety.

3. APPLICATION OF ABOVE PRINCIPLES.

In an action for the foreclosure of a mortgage in which the wife of the grantor joined as surety, and for the adjustment of the liens of another mortgage and several judgments, the property having been sold, the wife's dower interest and the homestead exemption should first be deducted from the proceeds, the balance being applied to the satisfaction of the liens in the order of their priority until the fund is exhausted, after which resort may be had by the mortgagees, but not by the judgment lienholders, to the homestead exemption and the dower interest, but the amount of the exemption should be first taken, before resort is had to the dower interest, the wife having joined in the execution of the mortgages merely as surety.

ERROR to Hamilton common pleas court.

**Oscar Stoehr** and **Prescott Smith,** for plaintiff in error:

As to lien of judgment. Laning R. L. 8901, 8903, 8904, 8905, 8943 (R. S. 5375, 5377, 5378, 5379, 5415); *Coal Co.* v. *Bank,* 55 Ohio St. 233 [45 N. E. Rep. 630]; *Gillett* v. *Miller,* 5 Circ. Dec. 588 (12 R. 215).

As to dower interest. *Kilgore* v. *Miller,* 10 Circ. Dec. 464 (19 R. 93); *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627]; Giauque & McClure, Present Value Tables 164; *Black* v. *Kuhlman,* 30 Ohio St. 196; *Unger* v. *Leiter,* 32 Ohio St. 210.

As to priorities and distribution. Laning R. L. 8969 (R. S. 5440); *Jackson* v. *Reid,* 32 Ohio St. 443; *Kelly* v. *Duffy,* 31 Ohio St. 437; *Cooper* v. *Cooper,* 24 Ohio St. 488; *McConville* v. *Lee,* 31 Ohio St. 447; *Roig* v. *Schults,* 42 Ohio St. 165; *Niehaus* v. *Faul,* 43 Ohio St. 63 [1 N. E. Rep. 87]; *Nixon* v. *Vandyke,* 1 Circ. Dec. 364 (2 R. 63); *Knepfle, In re,* 6 Dec. 417 (4 N. P. 213); *Simmons* v. *Moore,* 13-23 O. C. C. 11; *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627]; *Loomis* v. *Building Assn.* 37 Ohio St. 392; *Van Thorniley* v. *Peters,* 26 Ohio St. 471; *Finley* v. *Bank,* 1 O. S. C. D. 236 (32 Bull. 382).

**Constant Southworth,** for Mr. and Mrs. Zeltner.

**Paxton** and **Warrington,** for the brewing company.

SWING, J.

This was an action for the foreclosure of a mortgage and the adjustment of liens on certain real estate. The property in litigation was sold for $12,050, and after paying costs, taxes and uncontested mortgage liens, there remained the sum of $1,501.49 for distribution under the following facts:

Michael Zeltner was the owner of the real estate. His wife, Mar-

garet Zeltner, joined with her husband in all the mortgages given by him. Her inchoate right of dower in the land was worth $555.

January 28, 1902, Oscar Stoehr recovered a judgment against Michael Zeltner for $250.

July 16, 1902, Zeltner and wife gave a mortgage to the Moerlein Brewing Company for $703.80.

June 11, 1903, Prescott Smith recovered a judgment against Michael Zeltner for $250.

July 13, 1903, Zeltner and wife gave a mortgage to the Moerlein Brewing Company for the sum of $338.42.

March 21, 1904, the Moerlein Brewing Company recovered a judgment against Michael Zeltner for $86.05.

May 16, 1904, Anthony Nulsen recovered a judgment against Michael Zeltner for $79.95.

Michael Zeltner claimed an exemption under the statute of $500 in lieu of a homestead to which it is admitted he was entitled as against judgment liens.

We are of the opinion that the value of Mrs. Zeltner's dower interest should first be deducted from the $1,500. This is her individual property and is in no way liable for the debts of her husband. It can only be taken for her own debt or by one to whom she has released it.

It is liable to be taken by the mortgagees in this case since she has joined with her husband in releasing dower, but not as a principal but as a surety for her husband. *Mandel* v. *McClave,* 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627].

After deducting Mrs. Zeltner's dower interest there remains $946.-49. From this should be first deducted the homestead exemption of Zeltner of $500.

This leaves a balance of $446.49. From this should first be applied the sum of $250, the amount of the lien of Oscar Stoehr as his judgment in the first lien.

The Moerlein mortgage of $703.80 is the next best lien and the balance of $196.49 after deducting the Stoehr lien should be applied on the Moerlein mortgage, and as it is not enough, the $500 homestead exemption should also be applied, for as against the mortgage there can be no exemption. *Van Thorniley* v. *Peters,* 26 Ohio St. 471. This would allow $696.49 to be applied on this mortgage, but it is not sufficient to pay it in full. Therefore Moerlein must resort to the dower interest of Mrs. Zeltner to make up the deficiency; this would require $7.31.

The lien of Prescott Smith is next, but all the property of Michael

Stoehr v. Brewing Co.

Zeltner has been exhausted in the payment of prior liens and he cannot resort to the dower interest of Mrs. Zeltner for its payment.

Next after his lien comes the mortgage of Moerlein, dated July 13, 1903, for $338.42. As Mrs. Zeltner released her right of dower in this mortgage Moerlein may have recourse to the dower interest for enough to satisfy the same. *Finley* v. *Bank,* 1 O. S. C. D. 236 (32 Bull. 382).

The balance should be paid to Mrs. Zeltner which exhausts the fund, and no other liens need be considered.

Mrs. Zeltner cannot claim her dower against the mortgagees to whom she released. Neither can Zeltner hold exempt $500 in lieu of a homestead as against his mortgagees, but we think as between Zeltner's homestead exemption and Mrs. Zeltner's dower interest, the homestead exemption should first be applied to the mortgage for the reason that she stands in relation to these mortgagees as surety for her husband, and the whole of his property must first be exhausted before resorting to her's.

The judgment of the court of common pleas should be modified to conform to these conclusions.

**Giffen** and **Jelke, JJ.,** concur.